FILED
JUL 15 2016
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action No.: 5:16-CV-679-FL

ROBIN JOHNSON, )
)
    Complainant, )
)
v. ) **COMPLAINT**
) (Jury Trial Demanded)
ROY COOPER, in his official )
capacity as ATTORNEY GENERAL )
OF THE STATE OF NORTH )
CAROLINA, and THE )
DEPARTMENT OF JUSTICE )
(ADMINISTRATIVE DIVISION )
HUMAN SERVICES SECTION), )
)
    Defendants. )

NOW COMES Plaintiff, Robin Johnson ("Johnson"), complaining of the Defendant Roy Cooper in his official capacity as the Attorney General of the Department of Justice of the State of North Carolina ("hereinafter the "department "or the "agency") and alleges and says as follows:

## NATURE OF THE CASE

This action is brought pursuant Title VII of the Civil Rights Act of 1964, as amended and Codified in 42 U.S. C. €2000e et. seq., The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by federal law. These rights provide for damages for illegal retaliation and race discrimination in promotion in employment. Johnson seeks damages, including, but not limited to, back pay, front pay, interest, loss of past, present, and future benefits, compensatory damages and pain and suffering as a results of the intentional and unlawful discrimination by Defendant as more fully described below.

1

## PARTIES AND JURISDICATION

1. Plaintiff Robin Johnson is a citizen and resident of Raleigh, Wake County, North Carolina and at all times relevant herein, was employed by the Defendant of the Department of Justice (hereinafter "DOJ" or agency") as its location in Raleigh, North Carolina.

2. The DOJ is a state agency employer and the jurisdiction of this court is invoked Pursuant to 28 U.S. C. €1331 as this action brought pursuant Title VII of the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

3. Plaintiff Robin Johnson is an African American female who had been employed by the Department of Justice (DOJ), Raleigh, North Carolina since August 13, 2001, as a Paralegal I. Plaintiff possesses a Bachelor of Arts degree in Criminal Justice dedication, competence, and work ethic in the industry and over the course of the past fifteen (15) years of service to the DOJ put her in the position to become a Paralegal II.

4. Plaintiff Robin Johnson possesses a certificate degree for Paralegal studies and hold a certification by the State of North Carolina Dispute Resolution Commission as a Superior Court Mediator.

5. In 2013, Plaintiff filed an EEOC charge of discrimination for harassment in which Plaintiff was humiliated and subject to a racially offensive work environment which was created by the actions of two Senior Deputy Attorney Generals.

6. In 2014, Plaintiff filed an EEOC charge of discrimination for retaliation against employer Josephine Tetteh, Assistant Attorney General.

2

7. Plaintiff informed Lisa Corbett, Assistant Attorney General prior supervisor of racial comments and behavior of R. Marc Lodge and Richard Slipsky, Senior Deputy Attorney Generals.

8. Plaintiff informed Mary Marsh, EEOC officer for the DOJ of the retaliation from Josephine Tetteh during a requested meeting by Josephine Tetteh.

9. On or about the 14th day of November 2008, R. Marc Lodge turned the light off in my office and I informed him I am sitting at my desk and his reply was "what do you expect? You are wearing a black suit and sitting in a black chair so how would I know you were there."

10. On or about the 5th day of April 2014, after Plaintiff's EEOC complaint was served Josephine Tetteh started retaliation against Plaintiff by giving more job assignments that were the duties of the Paralegal I and Program Assistant.

11. After Plaintiff was given these new job duties Plaintiff requested a pay increase and was denied.

12. In 2008 Plaintiff was reassigned a new work duty station, Plaintiff was relocated into a shared office. In 2010 Plaintiff questioned why Plaintiff had to share an office space when other Paralegals had their own offices.

13. On or about 9th day of December, 2013 Plaintiff received an email indicated that Paralegals do not have separate offices whereas numerous Paralegals in Plaintiff's division in fact have individual offices.

14. On or about 12th day of February, 2015 Plaintiff received medical treatment for lack of sleep, lack of appetite and stress do to the harassment and retaliation of the work place.

15. On the 19th day of April, 2016 Plaintiff received a Right to Sue Letter regarding the filings of Charge of Discrimination.

3

## CLAIMS FOR RELIEF

### (Violation of Title of the Civil Rights Act of 1964)

16. The allegations of Paragraphs 1-15 of this Complaint are realleged and incorporated by reference.

17. By engaging in the discriminatory acts, practices and conduct described above the Department has discriminated against the Plaintiff in the terms and/or conditions of her employment on the basis of her race, and retaliated against Plaintiff for complaining about the discrimination practiced by the agency, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. By engaging in such discriminatory conduct, the department either knew or should have known that its conduct would cause Plaintiff, or any person of ordinary sensibilities, damage, injury and suffering. Moreover, the department either knew, or should have known that as a hard-working African-American female, Plaintiff was either certain or substantially certain, to suffer severe emotional distress by reason of the department's discriminatory conduct towards Plaintiff as well as others.

19. Indeed, as regards any person, whether a person of ordinary sensibilities or a hard-working African-American female, severe emotional distress is a natural and foreseeable consequence of the type of discriminatory conduct practiced by the department.

20. As a direct, proximate and foreseeable result of having witnessed having been the victim of, and having attempted unsuccessfully to prevent and/or correct the discriminatory conduct which the department had directed towards Plaintiff, Plaintiff has been damaged. She has suffered, and is continuing to suffer, severe and painful emotional injuries, including damage to her reputation, embarrassment, humiliation, depression and severe emotional distress. As a

4

further direct proximate and foreseeable result of such conduct, Plaintiff has lost, and may continue to lose, substantial wages, with a resulting loss of future earnings and enjoyment of life.

21. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover back pay, front pay and compensatory damages in an amount greater than Ten Thousand Dollars ($10,000.00).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that:

1. Plaintiff have and recover of the Defendant all back pay, front pay, injunctive relief, as well as compensatory damages in the amount in excess of $10,000.00.

2. Plaintiff have and recover all statutorily appropriate and reasonable pro se fees from the Defendant.

3. That the cost of this action be taxed against the Defendant.

4. That this case have a trial by jury on all issues so triable.

5. That the Plaintiff be entitled to any and all injunctive relief, including all promotions, as the Court deems just and proper.

6. For such other and further relief as to the Court may seem just and proper.

This is the 15th day of July, 2016.

Robin Johnson, Pro Se

By: *(signature)*
Robin Johnson
3713 Greywood Drive
Raleigh, North Carolina 27604
Home: 919-875-8488
Work: 919-716-6876
Rjohnson064@nc.rr.com