IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-679-FL

| | |
|---|---|
| ROBIN JOHNSON, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>THE NORTH CAROLINA DEPARTMENT )<br>OF JUSTICE, ATTORNEY GENERAL'S )<br>OFFICE, ADMINISTRATION DIVISION, )<br>HUMAN SERVICES SECTION )<br>)<br>      Defendant.[1] )<br>)<br>) | ORDER |

This matter is before the court on defendant's motion to dismiss for failure to state a claim. (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge, Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant defendant's motion in part. With no objections filed, the court adopts the recommendation in the M&R, and grants defendant's motion in part.

## BACKGROUND

Plaintiff, a black woman employed as a paralegal in defendant's office, commenced this

---

[1] Where the magistrate judge allowed in part plaintiff's motion to amend the complaint wherein plaintiff now names as defendant only North Carolina Department of Justice, Attorney General's Office, Administration Division, Human Services Section, (DE 26), the caption is here amended so to reflect. Where there now exists a discrepancy between the caption and the description of parties on the court's docket, the clerk is directed to update the docket to bring it in conformity with the caption of this order.

action July 15, 2016, pursuant to Title VII of the Civil Rights of 1964 ("Title VII"), asserting claims of race discrimination, hostile work environment, and retaliation based upon plaintiff's filing a charge complaining of same with the United States Equal Employment Opportunity Commission ("EEOC"). Roy Cooper ("Cooper"), former defendant in this matter, and defendant moved to dismiss plaintiff's claims of race discrimination on the ground that plaintiff's claims are time-barred and fail to state a claim upon which relief can be granted. (DE 11).

In lieu of responding to the motion, plaintiff, outside the time period for amendment as a matter of course, moved to amend her complaint. (DE 19). Following response in opposition to her motion, plaintiff filed an amended motion to amend the complaint. (DE 23). Plaintiff attached amended complaints to both filings. (DE 19-1; DE 25). The first amended complaint omitted Cooper as a defendant, added as defendant Josephine Tetteh, in her individual and official capacity as a North Carolina assistant attorney general, and added a claim of intentional infliction of emotional distress. The second amended complaint named only the above-captioned defendant and added a claim of negligent infliction of emotional distress. Both amended complaints amplified plaintiff's original claims under Title VII and gave expanded recitation of the facts giving rise to the case.

The M&R recommends dismissal of all claims except for plaintiff's Title VII claim for retaliation. By order issued simultaneously with the M&R, the magistrate judge denied the motion to amend except as to plaintiff's claim of retaliation, final amendment to the caption, and expanded recitation of the facts, as set forth in the second amended complaint. Neither party objected to the M&R, and the time to do so has elapsed.

**STATEMENT OF FACTS**

The court incorporates herein section I of the M&R, where that section accurately summarizes the facts alleged in the second amended complaint.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Therefore, where the parties lodged no objections in this matter, the court reviews for clear error.

B.  Analysis

Upon careful review of the record, the court finds no clear error in the determination of the magistrate judge. Plaintiff's claims of race discrimination and hostile work environment must be dismissed because they are time-barred where plaintiff did not initiate this action within 90 days of receiving notice of right to sue from the EEOC. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984). Plaintiff's claims of intentional and negligent infliction of emotional distress must be dismissed where plaintiff has failed to plead extreme and outrageous conduct – an essential

3

element of those claims.  See Holloway v. Wachovia Bank & Trust Co., N.A., 339 N.C. 338, 351 (1994).  Plaintiff's claim of retaliation may proceed where plaintiff has pleaded that she engaged in protected activity by filing an EEOC charge, that defendant took an adverse employment action by giving plaintiff additional job duties, and that said adverse employment action was sufficiently proximate in time to the protected activity to support an inference that a causal link exists between the protected activity and the adverse employment action.  See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 271 (4th Cir. 2015).

In sum, the court adopts the M&R as its own, dismisses plaintiff's claims of race discrimination, hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Plaintiff's claim of retaliation may proceed.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART.  All of plaintiff's claims are DISMISSED except for plaintiff's claim of retaliation set forth in count two of the second amended complaint.  The clerk is DIRECTED to update the docket to bring it in conformity with the caption of this order.  Initial order governing case deadlines will follow.

SO ORDERED, this the 11th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge