IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-cv-00679-FL

**Robin Johnson**,

        Plaintiff,

v.

**North Carolina Department of Justice**,

        Defendant.

**Certification of Contempt**

From a review of the docket, it appears that Senior Deputy Attorney General Amar Majmundar has ignored the court's November 7, 2018 Order requiring him to complete four hours of continuing legal education programs on the discovery provisions of the Federal Rules of Civil Procedure. Based on his apparent failure to comply the court's order, it is appropriate to begin contempt proceedings against Majmundar.

Federal law sets out the authority of magistrate to address contempt by the parties and attorneys who appear before them. 28 U.S.C. § 636(e). Although magistrate judges can address some contempt directly, much of the time the magistrate judge must refer the conduct at issue to a district judge. In a civil action when the parties have not consented to magistrate judge jurisdiction the magistrate judge must certify the underlying facts to a district judge if the act at issue "constitutes a criminal contempt [that] occurs outside the presence of the magistrate judge" or "the act constitutes a civil contempt[.]" *Id.* § 636(e)(6)(B)(ii) & (iii). After certification, the magistrate judge must cause the order to be served on "upon any person whose behavior is brought into question" and order that the person "appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." *Id.* §

636(e)(6)(B). The district judge must then "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Depending on the nature and purpose of the sanction the court would impose after a finding of contempt, this proceeding would either entail criminal contempt outside a magistrate judge's presence or civil contempt. Given that the parties have not consented to magistrate judge jurisdiction here, the undersigned must proceed by certifying the underlying facts to the presiding district judge.

Thus, the undersigned magistrate judge certifies these facts to United States District Judge Louise W. Flanagan:

1. On November 7, 2018, United States Magistrate Judge Robert T. Numbers, II issued an order granting Plaintiff Robin Johnson's Motion to Compel. D.E. 47.

2. In that order, the court found that NCDOJ's discovery responses violated Rule 26(g) because its objections to discovery were not raised "as part of a 'nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law[.]'" *Id.* at 23 (quoting Fed. R. Civ. P. 26(g)(1)(B)(i)).

3. Because he was the attorney who signed the discovery responses, the court ordered that Majmundar "must complete 4 hours of continuing legal education programs on the discovery provisions of the Federal Rules of Civil Procedure within 90 days." *Id.* at 24.

4. The court also ordered Majmundar to file a notice on the docket certifying that he completed the required CLE hours. *Id.* at 26.

5. A review of the Notice of Electronic Filing associated with the November 7, 2018 Order reflects that the CM/ECF system sent a copy of the order by email to both Majmundar and

his co-counsel. Thus, Majmundar received notice of the November 7, 2018 Order and its requirements.

6. Neither NCDOJ nor Majmundar appealed the November 7, 2018 Order.

7. The deadline for Majmundar to comply with the court's order was February 5, 2019.

8. As of the date of this certification Majmundar has not filed a notice on the docket certifying that he has completed the required CLE hours, requested additional time to complete the required CLE hours, or justified his failure to complete the CLE hours by the deadline set by the court.

Along with filing this certification on the CM/ECF system, the Clerk of Court shall serve a copy by certified mail, return receipt requested on Majmundar. Majmundar shall appear before Judge Flanagan at a date and time of her choosing to show cause why he should not be held in contempt based on the facts set forth in this certification.

Dated: February 13, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge