UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:16-cv-679-FL

| | |
|---|---|
| ROBIN JOHNSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE NORTH CAROLINA DEPARTMENT ) <br> OF JUSTICE, ATTORNEY GENERAL'S ) <br> OFFICE, ADMINISTRATIVE DIVISION ) <br> HUMAN SERVICES SECTION, ) <br> ) <br> Defendant. ) <br> _____ ) | **RESPONSE TO CERTIFICATION OF CONTEMPT AND NOTICE OF COMPLETION** |

NOW COMES undersigned counsel and respectfully submits the following Response to Certification of Contempt and Notice of Completion. In support of this Response, the undersigned submits to the Court the following:

1. I am a Senior Deputy Attorney General with the North Carolina Department of Justice, and am the supervisor of the Litigation Division.

2. The attorney originally assigned to represent Defendant in this matter was a member of the Litigation Division. Upon taking a new position, that attorney separated from his employment with the Department of Justice on January 23, 2018.

3. In an effort to ensure that this case continued unimpeded, and to ensure that at least one attorney was available to the Court, I temporarily reassigned this matter to myself and entered a Notice of Appearance [DE 34] and Notice of Withdrawal of Government Counsel [DE 35] on January 29, 2018. That temporary reassignment was in anticipation of new counsel shortly taking up representation of Defendant in this matter.

1

4. In the time between the resignation of the original attorney, and the assumption of representative duties by a new attorney, and in a good faith effort to timely comply with the discovery deadlines in the matter, I served discovery responses on behalf of Defendant before the case was reassigned to new counsel. Those discovery responses were served on March 14, 2018.

5. On March 29, 2019, the newly assigned attorney, from a separate Division of the Department of Justice, entered his Notice of Appearance [DE 36] representing Defendant in this matter. That attorney, who does not fall within my supervision in the Litigation Division, litigated this matter thereafter. There has been no communication or coordination between the newly assigned attorney and myself.

6. Rather than seeking a withdrawal from representation, I remained on the matter in order to provide assistance to the new defense counsel, if requested. To date, new defense counsel has not solicited assistance from me.

7. A hearing in this matter was held on May 31, 2018 regarding Plaintiff's Motion to Compel [DE 37], Defendant's Motion for Sanctions, Motion to Compel Deposition, Motion for Extension of Time to Complete Discovery, and Motion for Extension of Time [DE 39].

8. Given that the defense of the case had been reassigned to new counsel, I did not attend that hearing.

9. On November 7, 2018, an Order was entered granting Plaintiff's Motion to Compel, and granting Defendant's Motion for Sanctions and Motion to Compel [DE 47]. That Order, in addition to the relief requested by the parties, required me to complete four (4) hours

2

of continuing legal education (CLE) credits regarding the discovery provisions of the Federal Rules of Civil Procedure, and to do so within 90 days of entry of the Order.

10. A review of my prior email reveals that the Order was properly served upon me.

11. I do not recall receipt of the November 7, 2018 Order. In the course of providing representation on numerous cases, and my supervision of the Litigation Division, on a daily basis I receive a copious number of email messages. It is possible that I simply overlooked this email.

12. Solely to provide the Court with context, proximate to the November 7, 2018 Order, I was also involved in the following matters:

    a. *Anglin v. Berger*, 18-cvs-09748 (Wake) P18-586 (COA), 272P18 (Sup Ct)

    b. *Edwards v. SBE*, 18-cvs-09749 (Wake), P18-587 (COA), 269P18 (Sup Ct)

    c. *Pointdexter et al v. Strach*, 5:18-cv-366 (EDNC)

    d. *Carcano v. Cooper*, 16-cv-00236, (MDNC)

    e. *Patten v. Hall*, 5:15-cv-3118 (EDNC)

    f. *Buffkin v. Hooks*, 1-18-cv-00502 (MDNC)

    g. *Crazie Overstock v. NC*, 16 CVS 990 (Alamance), COA18-1034 (COA)

    h. *Farm Labor Organizing Committee v. Stein*, 1:17-cv-01037 (MDNC)

    i. *Holmes v. Moore*, 18 CVS 15292 (Wake)

    j. *NAACP v. Cooper*, 1:18-cv-01034-LCB-LPA (MDNC)

    k. *Common Cause v. Lewis, et al.*, 18-cvs-014001 (Wake)

l. *Common Cause v. Lewis*, et al., 5:18-cv-00589-FL (EDNC) 19-1091, 19-1094 (4th Cir.)

m. *Cooper v. Berger V*, 18 CVS 9805, (Wake) P18-584 (COA), 267P18 (Sup. Ct.)

n. *NAACP v. Moore, Berger, SBE, Members*, 18-cvs-9805 (Wake)

o. *McCollum and Brown v. Red Springs et al.*, 5:15-cv-00451-BO (EDNC), 18-1366 (L) (4th Cir.)

13. The extent of my involvement in those cases varied, but each case nevertheless required my attention.

14. As head of the Litigation Division, I was also necessarily involved in a number of other cases and issues arising out of the Department of Justice's practice before this, and other, courts. Each of these endeavors resulted in multiple daily emails. For example, on November 7, 2108, I received more than fifty (50) litigation-related emails alone.

15. The above information is not provided to the Court for the purposes of offering an excuse. Instead, the information is provided to give context regarding the events surrounding receipt of the November 7, 2018 Order.

16. Beyond merely overlooking the email correspondence attaching the November 7, 2018 Order, it is also possible that given the lack of active participation in the matter, I believed that the matter was being handled by separate defense counsel and that any order issued from the Court would be addressed by that representative counsel.

17. Nevertheless, I grievously erred by failing to review the email attaching the Court's November 7, 2018 Order. That error is mine alone.

18. I have the highest degree of respect for the Court and the orders that issue therefrom. My failure to read and address the November 7, 2018 Order stemmed from a basic oversight, or misapprehension of representation. In no way does that failure reflect a disregard of the Court's authority.

19. Ultimately, I was unaware of the November 7, 2018 Order until a separate Department of Justice colleague discovered the order in his research of a similar issue in a separate case. That discussion with that colleague took place a mere two hours before the issuance of the Certification of Contempt [DE 51] on February 13, 2019.

20. Upon discovery of my error, and upon issuance of the Certification of Contempt on February 13, 2019, I immediately registered for - and completed - the required four (4) hours of CLE credits on the same day.

21. A copy of the certificates of completion are attached hereto as Exhibit A.

22. Further, although unrelated to this matter, I attended one (1) hour of CLE on December 3, 2018, addressing issues of both Federal and State discovery.

23. Upon information and belief, my failure to attend the Court ordered CLE instruction has not prejudiced Plaintiff, nor impacted the administration of justice in this case.

24. This Court possesses inherent authority to exercise civil contempt powers and such authority extends to situations in which a Court's orders are violated. 28 U.S.C. § 636(e); *Stotts v. Quinlan*, 139 F.R.D. 321, 323 (E.D.N.C. 1991) (citing *Ex Parte Robinson*, 86 U.S. 505, 510, 22 L. Ed. 205 (1873)).

25. In the Fourth Circuit, a court may impose a sanction for civil contempt, if the court "can point to an order [] which 'sets forth in specific detail an unequivocal command'

which a party has violated." *In re GMC*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)).

26. I also understand that "[w]illfulness is not an element of civil contempt." *Id.* (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949)).

27. I fully understand and respect the authority of this Court to hold an individual in contempt of court, and may do so to effectively maintain order in the courtroom and the administration of justice.

28. I fully understand and accept that the Court may order sanctions, including a finding of contempt, for a failure to abide by orders issued from the Court.

29. I fully understand and accept that the sanction of being found in contempt of court exists to protect the integrity of the judicial process where the contemptuous conduct occurred, and that contemptuous behavior by counsel may deserve serious sanction.

30. I submit that the failure to abide by the November 7, 2018 Order was not an act of disobedience or resistance. Rather, the failure to abide by that Order was the result of a failure to monitor this matter, irrespective of my actual involvement in the litigation.

31. I submit that during more than 22 years of practice, I have not been subject to any sanction, by any tribunal. I am very serious about my obligation as counsel to strictly and respectfully adhere to the orders of this, or any, Court.

32. As a small measure of that respect, upon learning of the November 7, 2018 Order on February 13, 2019, I immediately registered and attended the ordered four (4) hours of CLE, on the same day.

33. It is my hope that the immediate response, though belated compliance, reflects my contrition and respect for this Court.

34. Given the number of Court transmissions I receive in my capacity of Division head, I have made arrangements to ensure that judicial correspondence sent to me are also reviewed by supporting staff members. It is my hope that this secondary system of review will prophylactically prevent any similar event from occurring in the future.

35. Similarly, I have brought this matter to the attention of the Chief Deputy Attorney General, Alec Peters, who is my supervisor. Although my error is not systemic to, or reflective of, the Department of Justice's practice, I felt it important to raise the issue to Mr. Peters and allow my error to serve as an example to my colleagues.

36. Both I and the Department of Justice take this issue very seriously. For my part, I respectfully offer the Court my apologies.

WHEREFORE, undersigned counsel prays that in relation to the November 7, 2018 Order, and the Certificate of Contempt of February 13, 2018, the Court take this response into consideration as part of its future deliberations on this issue.

This the 14th day of February, 2019.

/s/ Amar Majmundar
Amar Majmundar
Senior Deputy Attorney General
North Carolina State Bar No. 24668
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Email: amajmundar@ncdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing document by using the CM/ECF system, which will send notification of such filing to all counsel of record and I hereby certify that I have mailed the document to the following non CM/ECF participates:

>Robin Johnson
>Pro Se Plaintiff
>3713 Greywood Drive
>Raleigh, NC 27604

This the 14th day of February, 2019.

>/s/ Amar Majmundar
>Amar Majmundar
>Senior Deputy Attorney General